IN THE SUPERIOR COURT OF GUAM

FILE

2014 FEB 26 PM 5:09

CLERK OF COURT

THE PEOPLE OF GUAM,        )
                           )    CRIMINAL CASE NO. CF0084-12
            Plaintiff,     )
                           )    BY: 9
      vs.                  )
                           )    DECISION AND ORDER
ADAM JAMES MESSIER,        )
                           )
            Defendant.     )
                           )

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendant's motion for acquittal or in the alternative, a new trial, filed April 5, 2013. Due to having to wait for several months for the preparation of trial transcripts, and thus at the request of Defendant's counsel, oral arguments were not heard on the motion until November 25, 2013. Assistant Attorney General Lisa Lorig appeared on behalf of the Government and Attorney Howard Trapp represented Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On January 31, 2013, a jury of twelve convicted Defendant of: (1) Second Degree Criminal Sexual Conduct, as a First Degree Felony; (2) Fourth Degree Criminal Sexual Conduct, as a Misdemeanor; and (3) Child Abuse, as a Misdemeanor.

On April 5, 2013, Defendant filed a motion for acquittal, and alternatively, a motion for new trial. The thrust of Defendant's argument in his motion for acquittal is that the evidence was insufficient to sustain a conviction of the offenses. (Mot. Acquittal & New Trial, 2, Apr. 5, 2013). The alternative motion for new trial is made on the grounds that: (1) the verdicts are not supported by substantial evidence, (2) the verdicts are against the great weight and preponderance of the evidence, and (3) a new trial is required in the interests of justice. *Id.*

On April 8, 2013, the Government filed an opposition, arguing that there was enough evidence presented at trial, especially when viewed in the light most favorable to the

Government; that a rational trier if fact could have found the Defendant guilty of all elements of the crime. (Opp'n Mot., 3, Apr. 8, 2013).

DISCUSSION

**I.      Contradictions and Inconsistent Testimonies at Trial**

In this case, a myriad of contradictions and inconsistencies between the admitted evidence and the testimonies of the victim and the witnesses was presented at trial, as detailed below. The primary witnesses for the Government were the victim and the victim's sister who purportedly witnessed the crime. However, little to no testimony by either witness was ever consistent. Not only were each witness' accounts inconsistent with that of the other, but each witness' accounts were inconsistent every time the witnesses repeated their respective stories to another individual. In fact, the evidence during trial revealed that, every time the victim described the incident of sexual contact to a different individual, each time she would give a very different account of what purportedly happened.

**a.      Contradictions/Inconsistencies in the Testimonies of the Victim and the Purported Sole Eyewitness**

The following contradictions and inconsistencies were presented during the trial involving the victim and the purported sole eyewitness, victim's sister, to the event:

1. Evidence during trial revealed that the victim and the victim's sister both admitted that, approximately one year prior to making the complaint against defendant, they had lied about their father and their brother committing sexually-related acts against them. They admitted they created these lies in order to gain more freedom from parental oversight, and that they created these lies even knowing that their father and their brother could be prosecuted and incarcerated for the sexually-related acts that the two young women fabricated. The two girls made false verbal statements and false written statements to both the police and Guam Child Protective Services regarding these fabrications.

2. At trial, these two young women testified the incident occurred while they were sleeping side by side in the lower portion of a bunk bed at Defendant's house. They testified they were at Defendant's house because they were babysitting Defendant's young children

while he and his wife (the witnesses' cousin) were attending a work-sponsored Christmas party. The victim testified she awoke to Defendant touching her upper and lower intimate areas, and the victim's sister testified she witnessed this occur.

3. These same two witnesses insisted this incident occurred on December 9, 2012, and they were adamant they were certain of this date because this was the day after the victim's birthday. However, several witnesses, without any apparent interest in the outcome in the case, testified that the work-sponsored Christmas party Defendant attended, which was the reason the witnesses said they were babysitting, occurred on December 15, 2012. Evidence was also admitted that the victim told an individual it occurred sometime around Christmas Day. The victim acknowledged she wrote a statement for the police stating the incident occurred "sometime in December."

4. At trial, the victim testified about the touching in a manner that indicated no blanket was ever covering her at the time of the alleged sexual contact, much less that Defendant pulled any blanket from off of the victim. The victim testified at trial that she shared a blanket with her sister when she slept that night, but her sister testified she had her own blanket that she did not share it with the victim.

5. The victim testified she and her sister, as well as the younger children, were already in bed and asleep before Defendant came home, while her sister testified that Defendant came home first and then afterward she, her sister and the younger children went to sleep in their beds.

6. The victim also testified at trial that she and her sister arrived at Defendant's house together that evening, while her sister testified that she arrived at Defendant's house without her sister and that her sister arrived there later.

7. The victim testified at trial that she changed her clothes before she went to bed, while her sister testified that she wore the same shirt to bed that she was wearing when she arrived at Defendant's residence.

8. The victim's sister testified at trial that she saw Defendant kneeling on the floor next to the victim with his back straight, while the victim testified at trial that Defendant was standing next to her and leaning over her.

9. The victim acknowledged that she told a school counselor that she wanted to wake her sister during the assault, but that her sister moved in such a way that she knew she was awake. However, she testified at trial that she had to wake her sister after the incident by calling her name. The victim's sister testified at trial that she was lying next to the victim, and that she watched the incident through half-closed eyes, but then she also testified that she asked the victim what happened, indicating that she would have been asleep and did not see the incident herself.

**b. Contradictions/Inconsistencies in the Victim's Testimony at Trial and Evidence of Victim's Prior Statements**

1. The victim testified the incident took place in a residence at Fern Terrace, Dededo, while evidence was admitted that the victim told another individual the incident occurred on Andersen Air Force Base.

2. Evidence was admitted that the victim told her school counselor that the Defendant pulled her shirt up to her neck to touch her breast, whereas she testified at trial that Defendant placed his hand underneath her shirt.

3. Evidence was admitted that the victim told her school counselor that Defendant touched her intimate parts over a blanket, and then he pulled the blanket down and continued touching her. At trial, the victim testified about the touching in a manner that indicated no blanket covered her at the time of the alleged sexual contact, much less that Defendant pulled any blanket from off of the victim.

4. Evidence was admitted that the victim told a child protective services worker that she cried during the assault and put her arm up over her face so that Defendant could not see her crying. The victim testified at trial that she froze or did not move at all during the assault, and she did not testify that she cried during the assault. Then, at a different time during her trial testimony, the victim testified that she turned her head to the side during

the incident. She also acknowledged at trial that she even previously made a different statement that, instead, she moved her legs to one side during the incident in order to get Defendant to stop touching her.

5. The victim acknowledged she had made a statement to someone previously that, during the incident, Defendant rubbed her vagina so hard that it hurt. However, the victim did not testify at trial that this happened.

6. The victim acknowledged she made a written statement to police that Defendant only touched her vagina over her clothing. The victim also acknowledged she made a different previous statement to Guam Child Protective Services that Defendant touched her vagina, her buttocks, and her hand instead. However, the victim then testified much later in time at trial that Defendant touched her vagina, her hip, her stomach, her breast, and her face, but not her hand or her buttocks.

7. The victim acknowledged she previously told the police that Defendant pulled down her pants to touch her vagina, but then she testified at trial that Defendant touched her vagina over her pants and did not testify that Defendant pulled her pants down.

II.    **Motion for Judgment of Acquittal**

Under Guam law, "[t]he court on motion of a defendant or on its own motion shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment ... after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses." 8 GCA § 100.10 (2005). A reviewing court determines whether a judgment of acquittal should be granted by applying the same test used when the sufficiency of the evidence is challenged. *People v. Chin Song*, 2012 Guam 21 ¶ 27 (*citing People v. Tennessen*, 2009 Guam 3 ¶ 14). Therefore, the Court must "review the evidence presented at trial in the light most favorable to the People and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (citation omitted).

This inquiry does not require this Court to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." *Woodby v. INS*, 385 U.S. 276, 282 (1996). Rather, the United States Supreme Court has instructed as follows:

> This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution.

*Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).

Thus, when ruling on a motion for judgment of acquittal, the reviewing court is concerned with the existence or nonexistence of evidence, not its weight. *Chin Song*, 2012 Guam 21 ¶ 29 (citation omitted). A defendant is entitled to a judgment of acquittal when the People fail to produce evidence of the offense charged or when the evidence merely raises a suspicion that the accused is guilty. *Id.* (citations omitted). "However, if there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, we must find the case was properly submitted to the jury." *Id.* (quoting *State v. Elmore*, 628 S.E.2d 271, 273 (S.C.Ct.App. 2006)).

With these standards in mind, the Court now turns to Defendant's claim that there was insufficient evidence to sustain a conviction on any of the following charges: (1) Second Degree Criminal Sexual Conduct, as a First Degree Felony, in violation of 9 GCA §§25.20(a)(2) and (b); (2) Fourth Degree Criminal Sexual Conduct, as a Misdemeanor, in violation of 9 GCA §§25.30(a)(2) and (b); and (3) Child Abuse, as a Misdemeanor, in violation of 9 GCA §§31.30(a)(2)(C).

Under 9 GCA §§25.20(a)(2) and (b), a person is guilty of Second Degree Criminal Sexual Conduct, as a First Degree Felony, if the person engages in sexual contact with another person and if "that other person is at least fourteen (14) but less than sixteen (16) years of age and the actor is a member of the same household as the victim, or is related by blood or affinity to the fourth degree to the victim, or is in a position of authority over the victim and the actor used this authority to coerce the victim to submit." 9 GCA §§25.20(a)(2) and (b) (2005).

Alternatively, under 9 GCA §§25.30(a)(2), a person is guilty of Fourth Degree Criminal Sexual Conduct if the person engages in sexual contact with another person and "the actor knows or has reason to know that the victim is mentally defective, mentally incapacitated or physically helpless." 9 GCA §§25.30(a)(2) (2005). For first time offenders, Fourth Degree Criminal Sexual Conduct is a misdemeanor. 9 GCA §§25.30(b) (2005).

Furthermore, under 9 GCA §§31.30(a)(2)(C), a person is guilty of Child Abuse when having a child in his care or custody or under his control, he unreasonably causes or permits the physical or, emotional health of that child to be endangered. 9 GCA §§31.30(a)(2)(C) (2005).

The Court finds that Defendant has not met made a sufficient showing for a judgment of acquittal in this case. In arguing the motion, Defendant fails to demonstrate how the evidence presented at trial shows that no rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt, when viewed in the light most favorable to the Government. The motion fails to list the elements of the crimes and fails to show the lack of evidence to prove the elements of the crimes. At the motion hearing, Defense counsel stated that there were "hundreds of conflicts of evidence" at trial. (Record Log at 9:20, Nov. 25, 2013). The Court is perplexed that, despite his claim of such mounting evidence in support of the motion, Defense Counsel merely argued three facts regarding the credibility of the victim. *Id.* Defense counsel quoted former U.S. Supreme Court Associate Justice Oliver Wendell Holmes, imploring the Court to do justice. *Id.* However, in both his written motion and his oral argument, counsel failed to assert sufficient facts which, under the appropriate standard, might support the finding he requests. Despite Defendant's failure to assert sufficient facts, the Court combed through 1,379 pages of trial transcripts and carefully reviewed the record in the interest of justice. Absent a more specific showing of how the evidence is insufficient to sustain a conviction, the motion cannot be granted. *See Lamb v. Hoffman*, 2008 Guam 2 ¶ 35 ("In order to conduct a meaningful review, the parties must articulate their arguments in a way that allows this court to apply recognized rules of law…It is not sufficient for a party 'simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims' ").

Moreover, the contradictory and inconsistent testimonies notwithstanding, it is the responsibility of the trier of fact, and not this Court, to fairly "resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *People v. Quinata*, 1999 Guam 6 ¶ 14 (*quoting Jackson*, 443 U.S. at 319). As in *Quinata*, the record is devoid of any evidence indicative of the jury's failure to meet this responsibility as they concluded that Defendant was guilty beyond a reasonable doubt to the three charges. *Id.* Accordingly, Defendant's motion for judgment of acquittal is denied.

### III. Motion for New Trial

Under Guam law, "[t]he court on motion of a defendant may grant a new trial to him if required in the interests of justice." 8 GCA § 110.30(a) (2005). A trial court's discretion to grant a new trial is "much broader than its power to grant a motion for judgment of acquittal." *United States v. Alston*, 974 F.2d 1206, 1211 (9th Cir. 1992) (defining the trial court's role in determining whether to grant a new trial). Unlike in a motion for judgment of acquittal, the trial court "need not view the evidence in the light most favorable to the verdict." *People v. Quinata*, 1999 Guam 6 ¶ 18 (*quoting United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)) (internal quotation marks omitted). It may "weigh the evidence and in so doing evaluate for itself the credibility of witnesses." *Alston*, 974 F.2d at 1211 (internal quotation marks and citation omitted). Significantly, the broad discretion afforded to the trial court allows it to "set aside the verdict, grant a new trial, or [*sic*] submit the issues for determination by another jury if it concludes that the evidence 'preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred.' " *Quinata*, 1999 Guam 6 ¶ 16 (*quoting Lincoln*, 630 F.2d at 1319); *see also Alston*, 974 F.2d at 1211–12.[1]

The Supreme Court of Guam has further articulated the scenarios in which motions for new trial can be granted as follows:

---

[1] In *People v. Quinata*, 1999 Guam 6 ¶ 16, cited by *People v. Leslie*, 2011 Guam 23 ¶ 15, the Supreme Court of Guam misquotes *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980). The quotation is supposed to read as follows: "If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, **and** submit the issues for determination by another jury." *Lincoln*, 630 F.2d at 1319 (emphasis added).

*United States v. Simms*, 508 F.Supp. 1188 (W.D.La.1980), *United States v. Capati*, 980 F.Supp. 1114, and *United States v. Hurley*, 281 F.Supp. 443 (D.Conn.1968), are three examples of exceptional cases in which the trial court had a basis to overturn the credibility determination made by the jury. In *Simms*, the trial court granted a new trial because "the government's case depend[ed] upon inferences upon inferences drawn from uncorroborated testimony that .... [was] subject to questions of credibility." *Simms*, 508 F.Supp. at 1207. In *Capati*, the trial court granted a new trial because the testimony of the government's key witness was subject to serious impeachment by independent evidence. See *Capati*, 980 F.Supp. at 1133–34. In *Hurley*, the trial court granted a new trial because the direct testimonies of the government's key witnesses were subject to serious impeachment by prior inconsistent statements and by independent evidence. *Hurley*, 281 F.Supp. at 449.

*People v. Leslie*, 2011 Guam 23 ¶ 25.

After weighing the evidence and evaluating for itself the credibility of the witnesses, the Court finds that the evidence "preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred." *Quinata*, 1999 Guam 6 ¶ 16. As highlighted above, the numerous contradictions and inconsistencies between the testimonies of the victim and her sister/eyewitness, the Government's witnesses, create substantial uncertainties and discrepancies regarding events that may or may not have taken place.

In this case, evidence during trial revealed that the victim and her sister admitted that, one year before the complaint was filed against the Defendant, they lied about their father and brother committing sexually-related acts against them. They created these lies knowing that their father and brother could be prosecuted and incarcerated and they made false verbal and written statements to the Police and Child Protective Services. In addition, multiple discrepancies were presented as to the date of the incident, the events leading up to the incident, and the Defendant's conduct during the claimed incident. The credibility of the victim and her sister were impeached at trial to the extent that the Court is left with grave concerns about the credibility of all their statements.

Like the cases cited in *Leslie*, there are glaring questions as to the credibility of the Government's key witnesses: the victim and her sister, the sole eyewitnesses. The Court finds that this case is analogous to the situations articulated by the Supreme Court of Guam which

warrant the granting of a motion for new trial. *See Leslie*, 2011 Guam 23 ¶ 25 (*quoting United States v. Martinez*, 763 F.2d 1297, 1312–13 (11th Cir.1985) ("[C]ourts have granted new trial motions based on weight of the evidence only where the credibility of the government's witnesses had been impeached and the government's case had been marked by uncertainties and discrepancies.").

For these reasons, Defendant's motion for new trial is granted.

///

///

///

## CONCLUSION

Based upon the foregoing, Defendant's motion for acquittal is hereby DENIED. In addition, Defendant's motion for new trial is hereby GRANTED.

This matter is set for trial setting on March 4, 2014 at 9:00 a.m.

SO ORDERED this _____ day of February, 2014.

_____

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:

A.G., H. Trapp
DMR
Date: 2/26/14  Time: 5:14PM

Deputy Clerk, Superior Court of Guam